UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

-PS-O-

2005 NOV 30  AM 9:50

RICHARD CURTIS, 99-B-2772,

        Plaintiffs,

-v-

DECISION AND ORDER
05-CV-0698Sr

PHILLIPS, LMSW, SGT. HACKEMER,
M. WELLER (CO), DR. TAN, T. TOKARSKI (CO),
P. SCHNEIDER (CO), T.G. MUDER, Superintendent,

        Defendants.

## INTRODUCTION

Plaintiff, Richard Curtis, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 5). Plaintiff claims that while he was incarcerated at the Collins Correctional Facility he was sexually propositioned by defendant Phillips, a mental health worker, and that after he turned her down for the fourth time Phillips contacted defendant Hackemer, a correctional sergeant, who brought him to the back hall of the infirmary and ordered three correctional officers, defendants Weller, Tokarski and Schneider to beat him. He also claims that he made numerous requests to be seen by defendant Dr. Tan while in the Special Housing Unit but Dr. Tan refused to see him and, despite complaints and requests to defendant Deputy Superintendent Muder, he never received any treatment for a back injury he claims to have suffered from the alleged beating. The complaint attaches numerous exhibits, which expound on plaintiff's claims and his numerous attempts to obtain medical attention. For the reasons set forth below, plaintiff's request to proceed as a poor person is granted, his

claim against defendant Phillips to the extent it alleges sexual harassment is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshal is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claim against Phillips must be

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

With respect to defendant Phillips, a mental health or social worker at the Collins Correctional Facility, who according to some of the documents attached to the complaint, is not an employee of the Department of Correctional Services, plaintiff alleges that she "offer[]d him sex" on four separate occasions, and that, after he turned he down for the fourth time on June 7, 2005, she contacted defendant Correctional Sergeant Hackemer who ordered him to be beaten by defendants Weller, Tokarski and Schneider.[1]

To the extent that plaintiff alleges that he was sexually harassed or abused by Phillips, this claim must be dismissed because although a prisoner's allegations of sexual abuse by a corrections officer may state an actionable Eighth Amendment claim under 42 U.S.C. § 1983, *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir.1997), the Second Circuit has held that a few incidents of verbal harassment or touching are not

---

[1] Documents attached to the complaint, including a misbehavior report filed by Hackemer, indicate that Hackemer was interviewing plaintiff about a prior incident when plaintiff became violent, "head butted" Hackemer and began banging his own head against the wall, at which time Weller, Tokarski and Schneider forced plaintiff to the floor and subdued him. (Complaint, Misbehavior Report, dated June 7, 2005.)

3

severe enough to be " 'objectively, sufficiently serious[]" to constitute a claim of cruel and unusual punishment under the Eighth Amendment. *Id.* In *Boddie*, plaintiff alleged that he was the subject of a pass made at him by a female corrections officer, that his hand was squeezed and his penis touched, and a female corrections officer pressed her breasts against his chest and her vagina against his penis. *Id.* at 859-60. Inasmuch as the Second Circuit found that these allegations were not sufficient enough to support an actionable claim under the Eighth Amendment, plaintiff's claim herein that he was propositioned for sex on four separate occasions by a female social worker cannot form the basis of an Eighth Amendment claim. *See also Montero v. Cruise*, No. 98 Civ. 1282(CBM), 2001 WL 727020, *4 (S.D.N.Y., June 27, 2001) (court found that an inmates' allegations that an officer squeezed his genitalia during pat-frisks did not support an Eighth Amendment claim). However, to the extent that plaintiff alleges that Phillips asked that he be assaulted as a result of him rebuking her advances, that claim, at this stage in the litigation, may proceed. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.1995); *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir.1988).[2]

---

[2] *See, e.g., McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("Sua *sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claim against defendant Phillips to the extent it alleges a claim of sexual harassment or abuse is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on defendants Phillips, Hackemer, Weller, Dr. Tan, Tokarski, Schneider and Muder.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claim against defendant Phillips to the extent it alleges a claim of sexual harassment or abuse is dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants Phillips, Hackemer, Weller, Dr. Tan, Tokarski, Schneider and Muder without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

SO ORDERED.

Dated:     Nov. 29   , 2005
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge