UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**RICHARD CURTIS, #99-B-2772**

                                  **Plaintiff,**                    05-CV-0698(Sr)

**v.**

**PHILLIPS, L.M.S.W., et al.,**

                                  **Defendants.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment.  Dkt. #59.

Currently before the Court is defendants' motion to dismiss this case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Dkt. #68.  In support of the motion, defendants' counsel attaches a letter from plaintiff dated December 17, 2008, stating, in relevant part:

> From the start of this case on 7/5/05 there was no fairness or justices [sic], I have a 7th grade education going up against the State Attorney General, that's not fairness that's injustice, this hole [sic] case has been unjust from the start and the jokes [sic] been on me, <u>so there will be no trial</u>.  I should of [sic] known better to believe I would get real help from the Court when it comes to the New York State Correction [sic]. (You Win) . . . I will not represent [sic] my self with a 7th grade education and be made a joke of or be hurt by these people any more.  (This case is closed)[.]

Dkt. #69. pp.4-5.

One day prior to the date of this letter, on December 16, 2008, the Court conducted a final pretrial conference.[1] The Court agreed to delay the start of the trial originally scheduled to commence on January 6, 2009, so that DOCS could locate plaintiff's legal papers, which had yet to be reunited with plaintiff following his transfer to another facility. Plaintiff then inquired as to the status of his motion for appointment of counsel. When the Court informed plaintiff that his request for counsel had been denied, plaintiff indicated that "I can't represent myself that way." In response, the Court informed plaintiff that all he had to do was to tell the jury what he believes happened during the incident. Plaintiff responded: "If I don't have a lawyer, there's no sense in me being there." The Court attempted to explain to the plaintiff that he had been very articulate in his legal writings and oral conversations with the Court and that he was perfectly capable of taking the witness stand and telling the jury what happened, but plaintiff responded: "Sorry, your honor, I won't be here."

The Court informed plaintiff that if he refused to appear for trial, the Court would have no alternative but to dismiss plaintiff's case for failure to prosecute. Plaintiff responded: "Well, I can't help it, I'm not a lawyer." The Court reiterated that plaintiff did not need to be an attorney to present his case and that he had a right to have his claim heard by a jury. Plaintiff stated: "I also should have a right to a lawyer," prompting the Court to explain that plaintiff did not have a right to an attorney in a civil case. Plaintiff then expressed his opinion that "the State wins again, don't they?" The Court informed plaintiff:

> No, The State doesn't win. You have a right to present your case but you do not have a right to be assigned a lawyer. This is a civil case not a criminal case.

---

[1] As a matter of practice, the conference was recorded using the Court's electronic recording system.

The Court moved the trial date to February 24, 2009 so that plaintiff's legal papers could be located and asked plaintiff to "give it some further thought," that is, to reconsider his willingness to proceed to trial *pro se.*

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules
> or a court order, a defendant may move to dismiss the action
> or any claim against it.  Unless the dismissal order states
> otherwise, a dismissal under this subdivision . . . operates as
> an adjudication on the merits.

Regardless of whether the Court considers plaintiff's letter as a request to dismiss his action pursuant to Rule 41(a)(2) or as evidence of plaintiff's refusal to prosecute his case pursuant to Rule 41(b), it is clear that plaintiff does not wish to proceed to trial.  Given plaintiff's clear expression of intent, both orally to the Court and in a subsequent letter to defendants' counsel, the Court finds no alternative but to grant defendants' motion.  Therefore, plaintiff's complaint is hereby dismissed with prejudice.  The Clerk of the Court should take all steps necessary to close this case.

**SO ORDERED.**

DATED:     Buffalo, New York
           January 6, 2009

                                   **s/ H. Kenneth Schroeder, Jr.**
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**